**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Trina Mathis, et al., ) | No. CV-10-8157-PCT-FJM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| United States of America, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court is defendant United States' motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim (doc. 57), plaintiffs' response (doc. 97), and the United States' reply (doc. 100).

This is a wrongful death action arising out of the alleged medical malpractice by Sage Memorial Hospital employees and independent contractors resulting in the death of Tommy Clarke, Sr. ("decedent"). Sage Memorial Hospital ("Sage") is an Indian Health Service facility in Ganado, Arizona, operating under the jurisdiction of the United States Department of Health and Human Services ("DHHS") pursuant to a contract under the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. § 450f, between Sage and DHHS. Under the Act, employees working within the scope of their employment under an ISDEAA contract are deemed employees of the United States. The Federal Tort Claims

1  Act ("FTCA"), 28 U.S.C. §§ 2671-80, is the exclusive remedy for injury caused by these
2  employees. The FTCA waives the United States' sovereign immunity where local law would
3  make a private person liable in tort under like circumstances. United States v. Olson, 546
4  U.S. 43, 46-47, 126 S. Ct. 510, 513 (2005).

Plaintiffs assert claims against the United States pursuant to the FTCA based on alleged negligent medical care provided by "medical staff" including Sage employees Julia Monroe, R.N., and radiology technician, Aaron Yazzie. The United States now moves to dismiss all claims asserted against it. By stipulation of the parties, this court has already dismissed all claims related to defendant Yazzie (doc. 74). Therefore, the United States' motion to dismiss claims against Yazzie is denied as moot.

Plaintiffs allege that on December 29, 2009, decedent was involved in a one-car rollover crash on Navajo Route 15 near Greasewood, Arizona. Decedent was a passenger in the bed of a pick-up truck and was ejected from the truck during the rollover. Decedent was taken by ambulance to Sage just after midnight on December 30, 2009. He was examined by emergency department medical staff, including Sage employee Nurse Monroe and was discharged from Sage at 6:45 a.m. Within an hour and fifteen minutes after discharge, decedent collapsed and was taken back to Sage where, despite resuscitation efforts, he died at 9:26 a.m. Plaintiffs allege that decedent died from a broken neck, which the "medical staff" failed to diagnose.

The United States first argues that plaintiffs' allegations against undefined Sage "medical staff" fail to state a claim against the United States. We agree. Vague and conclusory claims asserted against unnamed "medical staff" are insufficient to state a medical malpractice claim under Rule 8(a)(2), Fed. R. Civ. P. Plaintiffs complain that the United States' responses to discovery requests have been incomplete such that they are unable to identify the medical staff. But plaintiffs have not sought an order to compel additional disclosures. Following jurisdictional discovery, plaintiffs were given leave to file an amended complaint, which they did. However, no additional Sage employees were named. The deadline to amend the complaint to assert claims against additional defendants has

1    passed. See doc. 50 at 2. Therefore, claims asserted against unnamed medical staff are
2    dismissed for failure to state a claim.

3        The only remaining claims attributable to the United States are negligence claims
4    asserted against Sage employee Nurse Monroe. In Arizona, medical malpractice claims are
5    governed by statute. See A.R.S. §§ 12-561-573. In order to establish medical negligence,
6    the plaintiff must show that (1) the health care provider failed to exercise the same degree
7    of care and skill expected of a prudent health care provider in the same or similar
8    circumstances, and (2) such failure was a proximate cause of the injury. Id. § 12-563.

9        Under A.R.S. § 12-2603(A), a party asserting a claim against a health care
10   professional "shall certify in a written statement . . . whether or not expert opinion testimony
11   is necessary to prove the health care professional's standard of care or liability for the claim."
12   The purpose of § 12-2603 is to "curtail the filing of frivolous lawsuits against health care
13   professionals." Amor v. Arizona, 2010 WL 960379 (D. Ariz. March 15, 2010).

14       Plaintiffs filed an affidavit attesting that expert testimony is required in this case (doc.
15   45-2). The United States contends that plaintiffs were then required to provide a
16   "preliminary expert opinion affidavit" as to the alleged malpractice of each health care
17   provider. A.R.S. § 12-2603(B). The preliminary expert affidavit should include (1) the
18   expert's qualifications, (2) the factual basis for each claim, (3) the health care provider's acts
19   that are in violation of the standard of care, and (4) the manner in which those acts caused
20   or contributed to plaintiffs' damages. Id. Although plaintiffs gave the United States a "nurse
21   expert preliminary report" on May 18, 2011, the report is not in affidavit form and does not
22   contain the expert's qualifications. Therefore, the United States urges dismissal without
23   prejudice of the claims against Nurse Monroe for plaintiffs' failure to comply with § 12-
24   2603(B).

25       The United States attempts to portray the affidavit requirements of § 12-2603 as
26   Arizona substantive law, which would therefore apply in this FTCA action. See Pacheco v.
27   U.S., 220 F.3d 1126, 1129 (9th Cir. 2000) (holding that claims made under the FTCA are
28   governed by the state's substantive law). While we agree that plaintiffs' expert report does

- 3 -

1   not fully comply with the requirements of § 12-2603(B), we are not convinced that the
2   requirement of filing an expert affidavit is substantive rather than procedural. The disclosure
3   of expert testimony in federal court is governed by Rule 26(a)(2), Fed. R. Civ. P., not by state
4   statutes.  In any event, we conclude that the expert report given to the United States
5   sufficiently describes Nurse Monroe's alleged acts that violated the standard of care and
6   contributed to the decedent's death, even if the statute were applicable. We therefore turn
7   to the sufficiency of the allegations asserted against Nurse Monroe.
8   It is alleged that Nurse Monroe examined decedent upon his arrival at the hospital and
9   reported that decedent complained of pain levels of 8 and 9 on a 10-point scale, and that he
10  needed assistance walking to and from the bathroom, getting up from the toilet, and putting
11  on his gown.  Plaintiffs allege that Nurse Monroe was negligent in failing to make an
12  accurate nursing diagnosis of decedent's injuries, to identify and treat obvious signs of spinal
13  trauma, to obtain a complete history, to complete a proper work-up prior to discharge, in
14  removing restraints that were intended to keep his cervical spine and head immobile, and by
15  failing to ensure that there was effective communication among hospital staff. Compl. ¶ 71.
16  Plaintiffs allege that Nurse Monroe breached her duty of care by failing to advocate on
17  decedent's behalf for follow up radiological scans, for decedent's transfer to a higher level
18  trauma facility, and against discharge given her knowledge of decedent's pain and abnormal
19  test results. Id.  Plaintiffs claim that these specific failures contributed to decedent's
20  discharge with an undiagnosed broken neck, which ultimately caused his death.  We
21  conclude that these allegations are sufficient to assert a plausible claim against Nurse
22  Monroe. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp.
23  v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)) ("[A] complaint must contain
24  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its
25  face.'"). Therefore, we deny the United States' motion to dismiss claims against Nurse
26  Monroe.
27  **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** the United
28  States' motion to dismiss (doc. 57). The motion to dismiss claims asserted against unnamed

- 4 -

"medical staff" is **GRANTED**.  The motion to dismiss claims against Nurse Monroe is **DENIED**.  The motion to dismiss claims against Yazzie is **DENIED** as moot.

DATED this 16th day of September, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge