**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trina Mathis, et al., | No. CV-10-8157-PCT-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| United States of America, et al., | |
| Defendants. | |

The court has before it plaintiffs' motion to file a second amended complaint (doc. 165) and memorandum in support (doc. 166), defendant United States' response (doc. 169), defendant Attentus Provider Group's ("APG") response (doc. 172), defendant Nationwide Nurses, Hudson, and Jackson's response (doc. 174), defendant Theodore Collins' response (doc. 176), and plaintiffs' replies (docs. 177, 180, 181). We also have before us defendant APG's motion for leave to file a sur-reply (doc. 194), plaintiffs' response (doc. 200), and the United States' response (doc. 205).

We first deny APG's motion for leave to file a sur-reply, a document not contemplated by the federal or local rules of civil procedure (doc. 194). APG contends it needs to file a sur-reply based on new arguments raised in plaintiffs' replies. We will not consider an argument raised for the first time in a reply. See Gadda v. State Bar of Cal., 511 F.3d 933, 937 n.2 (9th Cir. 2007). Thus, there is no need for a sur-reply.

This case involves allegations of wrongful death caused by medical negligence in the treatment of decedent Tommy Clarke at Sage Memorial Hospital. Plaintiffs now seek leave to file a second amended complaint primarily to add a new claim against defendant APG for negligent hiring and retention of defendant Theodore W. Collins, D.O., the treating emergency room physician. Plaintiffs originally stated a claim for *respondeat superior* against APG relating to Dr. Collins' alleged negligence. Plaintiffs affirmatively pled that if they "learn in discovery that Collins was truly an independent contractor of APG, APG would not be vicariously liable for Collins' negligence and plaintiffs will drop their claims against APG." Amended Complaint at 3 n.1 (doc. 51).

Plaintiffs now claim that they have discovered that Dr. Collins was not an employee of APG, but was engaged by APG as an independent contractor. Notwithstanding their earlier intention to dismiss the claim against APG, plaintiffs now seek to add an entirely new theory of liability against APG, that of negligent hiring and retention.

Defendants object to the amendment, arguing that plaintiffs learned on or about May 10, 2011, when they received an agreement between APG and Sage Memorial Hospital, that Dr. Collins was an independent contractor, not an employee. Plaintiffs' Reply to APG at 6. Yet plaintiffs waited 5 months to seek leave to amend their theory of liability. APG argues that it would be prejudiced by the amendment because to date all of its discovery has focused on plaintiffs' *respondeat superior* claim. They contend that a new claim of negligent hiring and retention would require completely new discovery. They note that a number of key depositions have already been taken, including that of Dr. Collins, without any questioning on the theory of negligent hiring. Defendants contend that adding a new claim at this stage of the litigation will result in an undue burden and will require additional time and expense for new and repeated depositions.

The deadline to amend the complaint was July 1, 2011. Although certain specified Rule 16 deadlines were extended by 90 days, the deadline to amend the complaint was not. This case is old. Discovery closes in 6 weeks. Plaintiffs have not presented good cause for further upsetting the Rule 16 scheduling order.

1     **IT IS ORDERED DENYING** plaintiffs' motion to file a second amended complaint
2 (doc. 165). **IT IS FURTHER ORDERED DENYING** APG's motion to file a sur-reply
3 (doc. 194).

    DATED this 30th day of November, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge